CLARA RODBACKEN v. CHICAGO, MILWAUKEE & ST. PAUL
RAILWAY COMPANY.[1]

November 21, 1924.

No. 24,048.

**Plaintiff failed to prove case.**

Action for injury to rider caused by wilful sounding of locomotive
whistle—Defendant entitled to directed verdict because plaintiff failed to
make out a case. [Reporter.]

Action in the district court for Hennepin county to recover $2,000. The
case was tried before Molyneaux, J., and a jury which returned a verdict
in favor of defendant. From an order denying her motion for a new trial,
plaintiff appealed. Affirmed.

*Olof L. Bruce,* for appellant.

*F. W. Root, C. O. Newcomb* and *A. C. Erdall,* for respondent.

PER CURIAM.

As a bevy of 16 girls on horseback approached the concrete bridge over
the railroad viaduct on Garfield avenue, Minneapolis, to go towards Lake
street, a locomotive was nearing from the west. It is claimed that the
persons in charge of the locomotive maliciously sounded the whistle to
frighten the horses; that plaintiff's horse was thereby caused to run away,
throwing and injuring her severely. The trial resulted in a verdict for
defendant. A motion for a new trial was denied and plaintiff appeals.

The court was probably in error in confining responsibility for blowing
the whistle to the engineer. He being in charge of the locomotive was
bound to see that those under him did not make improper use of the
whistle. For his failure so to do defendant would be liable. But a care-
ful reading of this record convinces us that plaintiff failed to make out a
case and defendant was entitled to a directed verdict, hence the error
could not harm. The statute requires a moving locomotive to sound the
whistle at certain places, and ordinary care may call for its use upon
occasion. Assuming that the whistle was sounded, though the testimony
of plaintiff's companions is almost overwhelming that it was not, there
was no evidence at all that it was not done in response to a legitimate
occasion. The evidence shows that the engineer's position is on the right
side of the cab. No witness for plaintiff claims to have seen the engineer

[1]Reported in 200 N. W. 747.

or what he was doing. One witness alone testifies to a circumstance from which some slight inference may be drawn. It is that two men on the left side of the cab were leaning out and laughing at the girls before the locomotive went under the bridge and, as the first toot of the whistle was given, that the whistle again was sounded when under the bridge and, as the locomotive emerged on the other side, the same two men were seen looking back at them laughing. It was the second riding lesson of the young women. Horses with inexperienced riders and a working locomotive underneath would be restive. They acted up. Whether the men were laughing at the posture or dress of the young ladies, or the action of the horses, or were simply smiling in admiration of the cavalcade, or were gloating over the discomfiture which some intentional act of those in charge of the locomotive had caused, is wholly conjectural, for the evidence of the witness is entirely, perhaps necessarily, colorless in that respect. The burden was on the plaintiff to show a designed sounding of the whistle to frighten the horses, or at least a needless blowing thereof. No case was made.

Order affirmed.